UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA
    *Plaintiff,*

v.

                              C.A. No. 1:13-cv-00442-JJM-PAS

STATE OF RHODE ISLAND
    *Defendant.*

**STATE OF RHODE ISLAND'S MEMORANDUM IN SUPPORT RESPONSE TO THE
SECTION XIX(3) NOTICE OF THE UNITED STATES OF AMERICA
THAT STATE HAS ACHIEVED SUBSTANTIAL COMPLIANCE WITH THE
INTERIM SETTLEMENT AGREEMENT**

I.  <u>Introduction</u>

The Department of Justice ("DOJ") has filed a notice with the Court indicating that it disputes that the State of Rhode Island ("State") will be in "Substantial Compliance" with the Interim Settlement Agreement ("ISA") by July 1, 2020. The DOJ, however, has not indicated the data relied upon or the standard used in making their determination for each of the fifty-five (55) benchmarks, which the State is specifically responsible for, identified by the previous Court Monitor under the ISA.

Section XIX(2) of the ISA generally defines Substantial Compliance as:

"Substantial Compliance is achieved where the State and City have implemented all of the provisions of the Interim Settlement Agreement for all individuals in the target populations."

There is no further guidance in the ISA regarding the definition of Substantial Compliance, especially for the meaning of "implemented" contained within the general definition. Although, the topic of much discussion between the parties, the DOJ has not offered a clear working definition of "Substantial Compliance" for the State to measure its efforts under both the ISA and the Consent Decree. In recognition for the need for clarity on this important issue, the

current Court Monitor is already working with the State to determine a clear working definition of "Substantial Compliance."

## II.  Working Definition of Substantial Compliance

### A.  The Need for a Clear Definition

The State has engaged in discussions regarding "Substantial Compliance" and its definition with the DOJ and the former Monitor for at least the past six months.  However, there remains no clear agreed upon definition of "Substantial Compliance."  Consequently, DOJ's notice is curious in that it DOJ opines on Substantial Compliance and that the remaining outcomes are "highly achievable" without, first, defining the term "Substantial Compliance" and, second, referencing any set of data points to make such a determination.  As previously stated, the State is working with the current Monitor for a clear and working definition of Substantial Compliance.  It is critical to have a clear definition of Substantial Compliance.  Without a clear definition shared by all parties, the State's efforts are subject to a moving target, with no standards to measure its progress. In order for the parties, and ultimately this Court, to effectively present and determine if "Substantial Compliance" of the ISA has been achieved, the parties and the Court must work from the same definition and understanding of "Substantial Compliance."  The State, therefore, respectfully requests a hearing, and in consultation with Dr. Antosh, the Court adopt the definition of Substantial Compliance as set forth below.

### B.  Working Definition of Substantial Compliance

The State's position is that Substantial Compliance under Section XIX(3) is met when the State has "implemented all of the provisions of the ISA for all individuals in the target populations." In this context, "implement" means that there are mechanisms and/or policies put into effect of sufficient means to carry out its requirements of the particular benchmark at issue.

In other words, the State's protocol for each remaining benchmark reaches an acceptable level of competence to fulfill any numerical requirement, whether that numerical requirement is or is not reached, as long as the protocol is such that the Court is satisfied that the State is on track to reasonably reach the requirement.

For instance, there are fifteen (15) remaining individuals in the ISA Target Population who have employment goals, but who have never been employed for purposes of IV(9)(a)-(e).  There are a number of reasons that those fifteen (15) individuals have never been employed, including:

- a significant barrier due to stabilizing health and/or behaviors;

- family resistance;

- legal/forensic history;

- Extended LOA/not engaged.

These factors should not result in the conclusion that the State has failed to achieve "Substantial Compliance."  The State has made an informed decision to **not** force or request variances for these individuals and prefers to leave the option of future employment open when these individuals' barriers are addressed and overcome.[1]

### III.  Status of Compliance

In the following sections, the State will set forth its position that full compliance has been achieved in fifty-two (52) of the provisions outlined in the ISA and that the remaining three (3)

---

[1]The State could request variances from the Monitor for these individuals, thus closing out their cases as a means to meet the requirements under the ISA.  However, the State has no interest in pursuing this avenue, as the State's interests are with meeting individual's needs, where they are at this time, and working, on an individualized basis, towards the ultimate goal of employment. Variances in these cases may lead to "Strict Compliance" with the terms of the ISA, but are not within the spirit of the ISA or person-centered planning.  The individuals that are within the ISA retain the right to make an individualized decision, just the same as any other individual not found within the ISA.  Employment First should not negate person-centered planning, but rather, it should complement and enhance the process.

benchmarks meet a reasonable, practical working definition of Substantial Compliance.

The State respectfully requests a hearing to determine the definition of "Substantial Compliance" and to provide evidence to demonstrate the State's status of Compliance using that definition.

A.  Full Compliance

Former Monitor, Dr. Moseley determined Substantial Compliance for the following provisions of the ISA[2]:

**IV. Outcomes[3]**: IV(5), IV(6)

**V. Supported Employment Services and Placements**: V(A)(1)-(2); V(B) & (C)(*pending verification*); V(D); V(E); V(F); V(G); V(H) &(I); V(J)&(K)(*pending verification*)

**VI. Integrated Day**: VI(A)

**VII. Career Development Planning**: VII(1); VII(3); VII(8)&(9)

**VIII. Transition Planning for Youth[4]**: VIII(1)&(2); VIII(9); VIII(10); VIII(11)

**IX. Training**: IX(1)

**X. Outreach, Education, and Support**: X(1)

**XI. Provider Capacity**:  XI(1); XI(2)

**XII State and Other Agency Actions**: XII(1) &(2)

**XIII. Interagency Collaboration**: XIII(1)(*pending verification*); VIII(2)

**XIV. Funding**: XIV(1); XIV(2); XIV(3); XIV(4)

B.  The Following Benchmarks Were Not Found to be in Compliance by the Monitor

---

[2] Dr. Moseley rendered his findings in an email with attached report dated October 1, 2019. DOJ has not objected or contested these findings.
[3] Sections IV(2), IV(3), and IV(4) are as to Providence Public Schools only.
[4] Sections VIII(5), VIII(6), and VIII(7) are as to Providence Public Schools only.

The previous Monitor determined the State had not reached Substantial Compliance for the following provisions of the ISA.  The State, however, disputes that position and will provide evidence that the State has in fact reached Substantial Compliance in these ISA provisions:

**IV. Outcomes**: IV(9)(a)-(e)

**VI. Integrated Day**: VI(2)(b)

**VII. Career Development Planning**: VII(5)

   C. <u>The Current Status of Each Remaining Provision</u>

The following provisions of the ISA are listed by the prior Monitor as "TBD."  However, the State contends, and has supporting materials and documentation, that it has implemented these provisions and has reached Substantial Compliance.

**IV. Outcomes**[5]: IV(1), IV(7)*(see Section VIII)*; IV(8)

**VI. Integrated Day**: VI(B)

**VII. Career Development Planning**: VII(2); VII(4); VII(6)&(7)

**VIII. Transition Planning for Youth**[6]: VIII(3); VIII(4); VIII(8)

**IX. Training**: IX(2)

**X. Outreach, Education, and Support**: X(2)

**XI. Provider Capacity**:  XI(3); XI(4); XI(5); XI(6); XI(7); XI(8)

**XV. Quality Improvement**: XV(1); XV(2)

**XVI. Data Collection and Reporting**: XVI(1) &(2); VXI(3)(a)&(b)

IV. <u>Conclusion</u>

The State respectfully requests an evidentiary hearing to address and to determine a

---

[5] Sections IV(2), IV(3), and IV(4) are as to Providence Public Schools only.
[6] Sections VIII(5), VIII(6), and VIII(7) are as to Providence Public Schools only.

working definition of Substantial Compliance and a determination that the State has reached

Substantial Compliance under the ISA.  The State is prepared to offer evidence and specific

testimony with regard to each and every section where a determination on Substantial

Compliance remains to be made.

Defendant,
By their Attorneys,

*/s/ Marc DeSisto*
*/s/ Kathleen A. Hilton*
Marc DeSisto, Esq. (#2757)
Kathleen A. Hilton, Esq. (#9473)
DeSisto Law LLC
60 Ship Street
Providence, RI 02903
marc@desistolaw.com
katie@desistolaw.com

CERTIFICATE OF SERVICE

I hereby certify that the within document has been electronically filed with the Court on

this 30th day of December 2019 and is available for viewing and downloading from the ECF

system.

Amy Retsinas Romero, Esq.                    Nicole K. Zeitler, Esq.
Amy.romero@usdoj.gov                          Nicole.zeitler@usdoj.gov

Jillian Lenson, Esq.                                Victoria L. Thomas, Esq.
Jillian.Lenson2@usdoj.gov                     Victoria.Thomas@doj.gov

*/s/ Marc DeSisto*